UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 2:23-cr-00111

ROBERT JARED SMITH

## MEMORANDUM OPINION AND ORDER

Pending are the Government's objections to the Presentence Investigation Report ("PSR").

On April 25, 2024, the Court convened for sentencing. Sentencing was continued to allow briefing on whether an obstruction of justice enhancement was appropriate. The parties were also invited to brief whether Mr. Smith should receive an acceptance of responsibility reduction. The matter is ready for adjudication.

## I.

On September 21, 2023, Mr. Smith pled guilty [Doc. 37] to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). During the plea colloquy, the Court sought to ascertain a factual basis for Mr. Smith's guilty plea. [Doc. 45 at 7-8]. Mr. Smith asserted he knowingly took possession of the firearm after it was left on the seat of his vehicle, and he knew he was a convicted felon at the time of the incident. [*Id*. at 8]. The Court directed the United States Probation Office to conduct a presentence investigation and prepare a Presentence Investigation Report ("PSR"). As part of the presentence investigation, Mr. Smith

provided Probation with a written letter of acceptance to obtain the two-point acceptance of

responsibility reduction. The letter provided as follows:

> On August 16, 2023, I had been hanging out at several clubs in Charleston and was
> driving an acquaintance to his home in my Grand Cherokee Jeep. This individual,
> whom I do not want to name, was highly agitated about something at the club and
> I was taking him home to keep him from getting into a fight. He was sitting in the
> front passenger seat of my jeep.
>
> When police turned on their blue lights and started pursuing my jeep on Virginia
> Street, this individual got scared and suddenly jumped out of my vehicle. He left a
> handgun laying in the front passenger seat. I got scared as I was well aware of the
> dire consequences of getting stopped by the police with a handgun in my jeep. I
> started speeding to get away from the police and lost control of my jeep as I was
> turning left on Kanawha Boulevard. When the jeep came to a stop on the sidewalk,
> I grabbed the gun and started running away. I was running because I thought I could
> ditch the firearm somewhere where the police would not find it. When I turned
> down a walkway between two buildings, I threw the handgun into the adjoining
> yard. There were at least two Charleston police officers who were chasing me. They
> caught up with me after I tripped and fell. I did not resist being taken into custody.
>
> The handgun which was retrieved by Charleston Police was a Glock 45 .9 mm
> pistol. This was the firearm that was left in my jeep and which I briefly had in my
> possession. I know that it was wrong for me to have possessed this firearm. Instead
> of running away, I should have stopped and explained the circumstances of its
> presence to police. I apologize to my family and to this Court for [my] conduct on
> that night.

[Doc. 50-1]. Mr. Smith later identified this individual as Tea-zell Chambers. [Doc. 50-4]. The

Probation Office recommended the reduction and determined there was no basis to warrant an

upward adjustment for obstruction of justice. [PSR ¶¶ 17, 42]. The Government objected,

contending Mr. Smith lied about the firearm belonging to his passenger. Specifically, it asserts Mr.

Smith's statement contains "materially false information for the purpose of minimizing [his]

culpability and influencing the Court's decision." [Addendum to PSR at 27, 30]. The Government

thus urged (1) an obstruction enhancement, and (2) elimination of the acceptance reduction. [*Id*.].

At sentencing, the Government called Charleston Police Officer Tyler Harper [Doc.

62 at 5]. Officer Harper testified, *inter alia*, he never saw a passenger exit Mr. Smith's vehicle on

the night in question, nor was such event captured on the cruiser's dashcam footage. [*Id*. at 6, 16–20]. He further testified investigators were unable to locate Mr. Chambers after Mr. Smith disclosed his identity, despite utilizing multiple law enforcement databases during their search. [*Id*. at 25]. The Government predominately relies on Officer Harper's statement to demonstrate the alleged falsity of Mr. Smith's statement. [Doc. 65]. It also points to Mr. Smith's lack of credibility and failure to disclose this version of events at any point prior to his plea hearing. [*Id*. at 13-14].

## II.

### A.    *Obstruction of Justice Enhancement*

Section 3C1.1 of the United States Sentencing Guidelines provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. The Application Notes provide examples of conduct that is both covered and not covered by the section. *See id*. at cmt. nn. 4–5. A covered defendant gives "materially false information to a probation officer in respect to a presentence or other investigation for the court;" a non-covered defendant gives "incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." *Id*. at cmt. nn. 4(H), 5(C).

Three elements must be proven for an obstruction of justice enhancement to apply to an alleged false statement to a probation officer during the presentence investigation. *See United States v. Gormley*, 201 F.3d 290, 294–95 (4th Cir. 2000). The statement must be false, material,

and made willfully. *Id*. The Government bears the burden of proving each element by a preponderance of the evidence. *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015). A mere proffer as to the subject statement's falsity is insufficient to satisfy the Government's burden. *United States v. Perez*, 661 F.3d 189, 193 (4th Cir. 2011) (recognizing "a mere statement that the defendant committed perjury is insufficient" to find the obstruction of justice enhancement applies).

The Guidelines define materiality as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 (internal quotation marks omitted). Our Court of Appeals has established that "[t]he threshold for materiality…is conspicuously low." *Gormley*, 201 F.3d at 294. Nonetheless, only information "designed to substantially affect the outcome of the case" will be deemed material. *United States v. Dunnigan*, 507 U.S. 87, 95 (1993) (affirming the district court's finding that a defendant's false testimony denying her criminal activity was material); *see also United States v. Quinn*, 359 F.3d 666, 681 (4th Cir. 2004) (finding defendants' fabricated denial of "facts described by other witnesses . . . concerned the essential facts" of their charges and was thus material); *United States v. Sun*, 278 F.3d 302, 314 (4th Cir. 2002) (concluding defendant's lie regarding his mens rea was "obvious[ly]" material as it concerned "the heart of the case."). A false statement to a probation officer is material where it "ha[s] the potential to obstruct [the officer's] efforts[.]" *United States v. Marin-Colon*, 215 F. App'x 287, 288 (4th Cir. 2007) (concluding defendant's failure to supply the probation officer with his true identity "hampered her investigation and her attempts to ensure that a complete and accurate presentence report was provided to the district court for sentencing.").

Respecting the last element, the Government must prove the defendant gave a false statement "with the willful intent to deceive." *United States v. Savage*, 885 F.3d 212, 226 (4th Cir.

4

2018). The court may find the defendant acted willfully if he "consciously acted with the purpose of obstructing justice." *United States v. Freeman*, 24 F.4th 320, 328 (4th Cir. 2022) (quoting *United States v. Thorson*, 633 F.3d 312, 320 (4th Cir. 2011)). "[T]he district court [is] in the best position to judge [the defendant's] credibility." *Sun*, 278 F.3d at 314.

The Government contends Mr. Smith's purportedly false version of events is material inasmuch as (1) if believed, he is entitled to a two-point reduction for acceptance of responsibility, and (2) the Government expended time and resources in pursuit of the obstruction enhancement. [*See* Doc. 65]. The Court disagrees. First, as explained in detail *infra*, a defendant is entitled to an acceptance reduction so long as he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). This can be accomplished by pleading guilty prior to trial and truthfully admitting the conduct necessary to establish the offense, in this case, being a felon in possession of a firearm. It is undisputed Mr. Smith timely pled to the charge. While he chose to offer a detailed statement respecting how he came to possess the firearm, he ultimately admitted he possessed it and knew he was prohibited from doing so. Simply put, regardless of the veracity of how he came to possess the firearm, he truthfully admitted the conduct comprising the offense. Mr. Smith's purportedly false statement thus does not concern the essential elements of the charge or "the heart of the case," nor did it hinder the Probation Officer's investigation in any way. *Sun*, 278 F.3d at 314.

Second, although it may be true the Government spent time and resources pursuing the enhancement, it did so on its own accord. The Government's choice to pursue its objection has no bearing on the materiality of the statement at issue. Lastly, to the extent the Government contends Mr. Smith's version of events could garner the Court's sympathy, mitigate his culpability, and result in imposition of a lighter sentence upon consideration of the Section 3553(a) factors,

such assertion is meritless. Indeed, Mr. Smith has made clear his statement was not offered as a mitigating factor in support of a downward variance, nor would the Court treat his statement as a proper ground for variance.

Based on the foregoing, the Court concludes Mr. Smith's purportedly false statement is immaterial[1] and **OVERRULES** the Government's objection respecting imposition of the obstruction of justice enhancement.

## B.　*Acceptance of Responsibility Reduction*

Section 3E1.1(a) of the Guidelines provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." The defendant bears the burden of proving their acceptance of responsibility. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). A defendant must prove "by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id*. The Application Notes to U.S.S.G. § 3E1.1 pertinently provide:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (see Application Note 1(A)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a).

U.S.S.G. § 3E1.1 cmt. n. 3. The Note goes on to explain that this evidence may be outweighed by other conduct that is inconsistent with acceptance, and a defendant is not entitled to the two-level reduction simply because he or she enters a guilty plea. *Id*.

---

[1]In light of this finding, the Court need not consider the falsity or willfulness of Mr. Smith's statement.

As noted, Mr. Smith pled guilty prior to trial and admitted the essential elements of the charged offense. There is simply no basis to conclude he has failed to adequately accept responsibility. The Court thus **OVERRULES** the Government's objection to the acceptance reduction.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 29, 2024

Frank W. Volk
United States District Judge