**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

UNITED STATES OF AMERICA

v.                                                                CRIMINAL ACTION NO. 2:23-cr-00111

ROBERT J. SMITH

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending is Defendant Robert J. Smith's *pro se* Letter-Form Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821, [ECF 82], filed June 16, 2025.

**I.**

On August 1, 2024, Mr. Smith was sentenced to 50 months imprisonment, to run consecutive to the 4-month revocation sentence imposed in Criminal Action Number 2:13-cr-00091-2, after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). His projected release date is March 20, 2027.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points. It decreases them by one for individuals with seven or more criminal history points. It additionally eliminates status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 Guideline that provides a two-level decrease for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1, both apply retroactively.

Mr. Smith was sentenced after the Amendment took effect and thus already received its benefit. [ECF 76 at ¶¶ 55–58]. Indeed, the Presentence Investigation Report contemplated Amendment 821 and its effect on Mr. Smith's sentence. [*Id.*]. At sentencing, Mr. Smith was assessed 7 criminal history points, in addition to *one* status point, inasmuch as he committed the instant offense while serving a criminal justice sentence. [*Id.* at ¶¶ 55–58]. A total of 8 criminal history points placed Mr. Smith in a criminal history category of IV. [*Id.* at ¶ 58]. Based on a total offense level of 22 and a criminal history category of IV, Mr. Smith was subject to a guideline imprisonment range of 63 to 78 months. [*Id.* at ¶ 86]. After consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Smith below his applicable guideline range to 50 months imprisonment. [ECF 73 at 2].

Again, due to the Amendment, Mr. Smith received one status point, rather than two, for a total of 8 criminal history points. Pursuant to U.S.S.G. § 1B1.10(a)(2)(B), Mr. Smith is thus ineligible for a sentence reduction under Amendment 821 inasmuch as his sentence already reflects its application. Simply put, application of the Amendment now would not alter his sentence. Additionally, to the extent Mr. Smith seeks a 2-point reduction to his offense level under U.S.S.G. § 4C1.1, he is likewise ineligible given that his 7 criminal history points disqualify him from "Zero-Point Offender" status. [ECF 76 ¶¶ 55–58]; *See* U.S.S.G. § 4C1.1(a)(1) (requiring "the defendant did not receive any criminal history points from Chapter Four, Part A").

## II.

Based on the foregoing discussion, the Court **DENIES** Mr. Smith's *pro se* Letter-Form Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [**ECF 82**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:  April 13, 2026

Frank W. Volk
Chief United States District Judge

3

4